CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1868.

## F. DUFERNOY *v.* JACOB STITZEL, SHERIFF OF MULTNOMAH COUNTY, *et al.*

GARNISHEE.—A. recovered judgment in this court against D. in a civil action for a sum of money, and thereupon, in a proceeding in which V. was served with garnishee process, A. recovered a judgment against V. for an indebtedness alleged to be due from V. to D. In pursuance of the judgment against D. the latter was imprisoned for want of payment. An execution was issued against V., and V. paid to the sheriff the amount adjudged against him, under protest, and then appealed his case to the supreme court. *It was held,* that the money paid by V. must be applied on the execution against D., notwithstanding the protest and appeal.

J. B. MAYERAN obtained a judgment for something over $2,900 against the petitioner, F. Dufernoy, in a civil action in this court, and it was adjudged that in default of payment the defendant be imprisoned. Process in the nature of garnishee having been served on Leon Vial, the said Mayeran obtained a judgment against the said Vial, to the amount of $2,600, on account of money alleged to be due from said Vial to said Dufernoy. Execution was issued on each of these judgments, and placed in the hands of the defendant, Jacob Stitzel, sheriff of Multnomah County, in whose custody said Dufernoy is now detained by the execution in the first named case. The other execution being levied on the property of said Leon Vial; Vial paid the said sheriff the full amount of the judgment against him, protesting that said judgment was erroneous; and he immediately appealed that case to the supreme court, and notified the sheriff thereof. The defendant, Dufernoy, demanded that the money paid by Leon Vial should be credited on the execution upon which he was in custody, and he paid to the sheriff a sum equal to the difference between the two judgments. The sheriff returned the execution that had been issued against Vial and paid the money into the hands of the clerk, without making any endorsement on the other execution. Dufernoy, by his attorney, demanded, both of the clerk and of the sheriff, that the payment should be endorsed and applied on the latter execution, and that Dufernoy be released from custody. Both the sheriff and the clerk failed to comply with the demand, and Dufernoy now files this petition, praying for such application to be ordered, and for a writ of *habeas corpus.*

The cause was submitted for final judgment on the pleadings.

*Wm. F. Trimble, Esq.,* for the petitioner.

*Mitchell, Dolph & Smith,* for the defendants.

UPTON, J. Sections 155 and 281 of the code, are applicable to cases where an attachment has been served; and those sections of statute make it the duty of the sheriff, in

ordinary cases, to apply money received by him for "debts due the defendant" on the judgment against the defendant.

It does not appear with certainty whether this property had been attached so as to bring the case (if this is to be treated as a payment) literally within the provisions of sections 155 and 281. But if the money is made on final process, without an attachment, the reason for the rule would be the same.

The fact that Leon Vial paid the money under protest, to avoid a forced sale of his property, and took an appeal, shows that he is disposed to test the question whether this is money paid or received "on a debt due the defendant." I confess that I have felt great doubt whether it was the duty of the sheriff to apply the money, notwithstanding the protest and appeal, as he would be bound to do if the judgment against Vial had become final.

Had the pleadings shown affirmatively what the grounds of the appeal were, and that there was a probability of the judgment being reversed, and that Vial has a good defense, the case would have presented still greater difficulties.

It does not affirmatively appear that the judgment against Vial is likely to be reversed, nor that the plaintiff in the original suit is in great danger of being left without remedy, if the judgment should be reversed and he be compelled to refund this money.

It does not seem just to hold the defendant in custody upon a mere supposition or possibility that the judgment against his alleged debtor is erroneous, and especially because the plaintiff has prosecuted his demand against Leon Vial to judgment, and has, to a certain extent, taken the responsibility of declaring there is no error, by accepting the judgment and issuing execution upon it. It will be ordered that the money be applied on the original judgment, without prejudice to the right of the plaintiff to move to set the credit aside, in case he is compelled to refund the money paid by Leon Vial.

[ * * ] Upon the residue of the judgment, in the original action, being satisfied, an order for the petitioner's discharge should be made.